UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

HARDY CARL REED )
 )
    *Petitioner*, )
v. ) 4:06-cv-16
 ) *Jarvis*
 )
JIM WORTHINGTON, Warden )
 )
    *Respondent*. )

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum upon the Attorney General for The State of Tennessee. However, for the reasons stated below, the Attorney General shall not be required to file an answer or other pleading to the petition and this action will be **DISMISSED**.

Petitioner challenges his 1992 Coffee County, Tennessee, convictions for second degree murder and felonious possession of a firearm. According to petitioner, he pleaded guilty to the offenses and did not appeal. Petitioner does not claim to have filed a petition for post-conviction relief in the state courts; he does state that he filed a state habeas corpus petition that the state court did not timely respond to, although he does not state the date of filing. A Westlaw search does not reveal any appellate opinions in petitioner's case.

The federal court received petitioner's federal habeas corpus petition on January 25, 2006. Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. Rule 9(a) of the Rules Governing Section 2254 Cases In The United States District Courts. As a result of the AEDPA, however, state prisoners now have one year in which to file a § 2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Because petitioner's sentence was imposed prior to the AEDPA, the time for filing a § 2254 petition in this court expired on April 24, 1997, which was one year from the effective date of the AEDPA. *Hyatt v. United States*, 207 F.3d 831 (6th Cir. 2000); *Brown v. O'Dea*, 187 F.3d 572, 575 (6th Cir. August 5, 1999).

As grounds for relief in his federal habeas corpus petition, petitioner alleges ineffective assistance of counsel, insufficient evidence, prosecutorial misconduct, and improper sentencing. Those allegations would not have been proper grounds for relief in a

2

state habeas corpus petition. *See, e.g., Edwards v. State*, No. E2004-00918-CCA-R3-HC, 2004 WL 2951975 (Tenn. Crim. App. December 20, 2004), *perm. app. denied, id.* (Tenn. March 21, 2005).

> The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence.

*Id.*, 2004 WL 2951975 at *1 (citations omitted). Thus, petitioner's state habeas corpus petition, whenever filed, would not have tolled the running of the statute of limitation.

Petitioner's petition for the writ of habeas corpus is barred by the statute of limitation and thus will be **DENIED**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith. Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**E N T E R :**

                                  *s/ James H. Jarvis*
                                UNITED STATES DISTRICT JUDGE